**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. |
| v. | |
| BANK OF AMERICA CORPORATION | Jury Trial Demand |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA")

and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on

disability and to provide appropriate relief to Jamal Williams ("Williams"), a qualified individual

with a disability, who was adversely affected by such practices.  Plaintiff, the U.S. Equal

Employment Opportunity Commission ("EEOC"), alleges that Defendant, Bank of America

Corporation ("BofA"), violated the ADA by firing Williams because of his disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, BofA has continuously been a Delaware corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, BofA has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, BofA has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7. More than 30 days before institution of this suit, Williams filed a charge with the EEOC alleging that BofA violated Title I of the ADA. All conditions precedent to the institution of this suit have been fulfilled.

8. Williams, who is legally blind, suffers from an impairment that substantially limits him in the major life activity of seeing and constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

9. On or about September 8, 2008, BofA engaged in unlawful employment practices at its facility on 540 West Madison Street in Chicago, Illinois, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Specifically, BofA refused to consider providing Williams with a reasonable accommodation and fired him because of his disability.

10. At all relevant times, Williams could perform the essential functions of his job either with or without an accommodation, thus rendering him a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8). BofA fired Williams on or about September 8, 2008 despite his ability to perform the essential functions of his job.

10. The effect of the practices complained of in Paragraph 9 above has been to deprive Williams of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

11. The unlawful employment practices complained of in Paragraph 9 above were intentional.

12. The unlawful employment practices complained of in Paragraph 9 above were done with malice or with reckless indifference to Williams' federally protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining BofA, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order BofA to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order BofA to make Williams whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order BofA to make Williams whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 9 above, in amounts to be determined at trial.

E. Order BofA to make Williams whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 9 above, including emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order BofA to pay Williams punitive damages for its malicious and reckless conduct, as described in Paragraph 9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: September 13, 2011                    Respectfully submitted,

                                            P. DAVID. LOPEZ
                                            General Counsel

                                            JAMES L. LEE
                                            Deputy General Counsel

                                            GWENDOLYN YOUNG REAMS
                                            Associate General Counsel

                                            U.S. Equal Employment Opportunity Commission
                                            131 M. Street, N.E.
                                            Washington, D.C. 20507

                                            /s/ John C. Hendrickson
                                            John C. Hendrickson
                                            Regional Attorney

                                            /s/ Gregory M. Gochanour
                                            Gregory M. Gochanour
                                            Supervisory Trial Attorney

                                            /s/ César del Peral
                                            César del Peral
                                            Trial Attorney

                                            /s/ Grayson S. Walker
                                            Grayson S. Walker
                                            Trial Attorney

                                            U.S. Equal Employment Opportunity Commission
                                            Chicago District Office
                                            500 West Madison Street, Suite 2000
                                            Chicago, Illinois 60661
                                            (312) 869-8118
                                            grayson.walker@eeoc.gov