IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11 C 6378 ) |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Bank of America, N.A. ("BofA") has filed its Answer to the First Amended Complaint ("Complaint") brought against it by EEOC, which charges BofA with having violated the Americans with Disabilities Act ("ADA") in connection with the employment of Jamal Williams. This memorandum opinion and order is issued sua sponte because of some problematic aspects of the affirmative defenses ("ADs") included in the Answer.

Needless to say, this Court expresses no views as to the merits of the matter. Instead it proceeds on the arguendo premise, just as BofA must do for AD purposes (see Fed. R. Civ. P. ("Rule") 8(c) and the universal caselaw applying it, as well as App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), that the Complaint's allegations are correct. That being so, it is frankly difficult to be patient with lawyers (and there are unfortunately too many of them) who include the equivalent of a Rule 12(b)(6) motion as a purported AD when, as here, a complaint plainly states a claim.

AD 1 is therefore stricken.

AD 2 fares no better, for it is in direct conflict with Complaint ¶¶9, 12 and 13. It too is stricken.

Finally, that same problem confronts ADs 5 and 6. They are stricken as well.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 31, 2011

---

[1] It should perhaps be emphasized that BofA loses nothing by the rejection of ADs for the reasons stated in the text. BofA has already placed the same matters in issue by its denial of the corresponding allegations of the Complaint.