IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A.<br><br>   Defendant. | Case No. 11-cv-06378<br><br>Judge Shadur |

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION IN LIMINE**

  Defendant Bank of America, N.A. respectfully submits the following motion in limine, and requests that Plaintiff's witness Laura Plummer be precluded from making any assertions or expressing any opinions during trial as to the ultimate issue of whether Bank of America should have, could have, or failed to offer Jamal Williams a reasonable accommodation pursuant to the Americans with Disabilities Act ("ADA"). Bank of America requests that this Court limit Ms. Plummer's testimony to that of the specific facts that she details in her Assessment, and preclude her from offering any opinions not specifically stated in the Assessment.

  On April 5, 2013, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff disclosed Laura Plummer as a witness that it may use as an expert at trial. Attached to that disclosure was a document authored by Plummer entitled "Assistive Technology Assessment." In this Assessment, Ms. Plummer details her evaluation of Jamal Williams' use of assistive technology for individuals with impaired vision. Her Assessment includes what she refers to as 'Recommendations" as to what technology could assist Mr. Williams, but does not include the elements of an expert opinion as required under Federal Rule 26(a)(2), and does not

1

include any actual "opinion" at all, but instead includes a series of recommendations as to what technology Jamal Williams could use. Matters are further complicated by the fact that Plaintiff did not designate Ms. Plummer's Assessment as an exhibit for trial.

To the extent Plaintiff intends to call Ms. Plummer as a witness at trial, her testimony must be limited to the specific facts she observed and reported in her Assessment.[1] Most importantly, Ms. Plummer should be precluded from offering any testimony as to what accommodations would have been 'reasonable' in the circumstances at issue in this case. Ms. Plummer does not include such an opinion in her Assessment. Any attempt to offer an opinion of this nature must be prohibited by the Court, as it violates both the letter and the spirit of Rule 26. *Cf. Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795-796 (N.D. Ill. 2008) (noting that Rule 26(a)(2) requires that the party offering expert testimony provide a complete report of all statements of opinion to be offered by the expert, and the basis and reasons therefor); *Salgado by Salgado v. GMC*, 150 F.3d 735, 740 (7th Cir. Ill. 1998) (same). Furthermore, such issues are within the province of the fact-finder, and were not addressed in Ms. Plummer's Assessment.

Under the ADA, an employer is not required to adopt every feasible accommodation for an otherwise qualified employee with a disability, but rather only a reasonable accommodation. *Cf. Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 867 (7th Cir. 2005) (holding that the ADA does not require employers "to accommodate a disabled employee by making special, individualized training or supervision available in order to shepherd that employee through what is an essential and legitimate requirement of the job"); *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 577 (7th Cir. 2001) (holding that an employer is not required to accommodate an employee if the costs are disproportionate to the benefits); *Emerson v. Northern States Power Co.*, 256

---

[1] In addition to the issues raised in this Motion in Limine, Bank of America reserves the right to object to any allowed testimony of Ms. Plummer as to relevancy, and the right to impeach and cross-examine this witness.

F.3d 506, 515 (7th Cir. 2001) (an employer is not required to provide an employee with his or her preferred accommodation). Assessing whether certain technology might assist an individual is not the same as determining whether that technology is a reasonable accommodation. For example, even assuming an accommodation is required, there may be other possible accommodations that are sufficient. In such cases the employer is not required to provide the accommodation preferred by the individual. *Emerson*, 256 F.3d at 515. *See also* 29 CFR Part 1630, Appendix at Section 1630.9. Or the individual may be able to utilize personal assistive devices which an employer is not required to provide. *See* 29 CFR Part 1630, Appendix at Section 1630.9. Or the proposed accommodation, while feasible, may pose an undue hardship, a question that focuses on the impact which the accommodation would have, if implemented, on the specific employer in question at a particular time. *See Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F.Supp. 720, 737 (D. Md. 1996). All of these illustrate that the concept of "reasonable accommodation" goes far beyond the Assessment produced by Ms. Plummer. Thus, her Assessment cannot support any opinion testimony with regard to a "reasonable accommodation" in this case.

  As a final point, limiting Ms. Plummer's testimony to the specific facts addressed in her Assessment is also supported by Federal Rule of Evidence 403. If allowed to offer testimony or assessment beyond the scope of her report, Ms. Plummer's testimony would be much more prejudicial than probative, and would likely confuse the jury as to what their role is in deciding the facts of this case.

  WHEREFORE, for the foregoing reasons, Bank of America respectfully requests that the Court enter an order in limine precluding Plaintiff, or Plaintiff's witness Laura Plummer from making any mention of assertions, opinions, or conclusions that are not specifically addressed in

Ms. Plummer's Assistive Technology Assessment, and for such other and further relief as the Court deems necessary and proper in the premises.

Date: May 9, 2014                                  Respectfully submitted,


                                                   By:  */s/ Angela M. Tsevis*
                                                        One of the attorneys for Defendant
                                                            Bank of America, N.A.


Bryan Clark
bclark@lathropgage.com
Lathrop & Gage LLP
100 N. Riverside Plaza, Suite 2100
Chicago, Illinois  60606
Telephone: (312) 920-3300
Telecopier:  (312) 920-3301


Jack D. Rowe
jrowe@lathropgage.com
Angela M. Tsevis
atsevis@lathropgage.com
Lathrop & Gage LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 9, 2014, the foregoing was served by electronic mail on the following counsel of record:

Justin Mulaire
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
justin.mulaire@eeoc.gov

                                                */s/ Angela M. Tsevis*
                                                   An Attorney for Defendant