IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BANK OF AMERICA, N.A.<br><br>　　　　Defendant. | Case No. 11-cv-06378<br><br>Judge Shadur |

EEOC'S MOTION IN LIMINE #1

MOTION TO EXCLUDE ANY REFERENCE IN THE JURY'S PRESENCE
TO THE EEOC'S CLAIM FOR BACKPAY, TO WILLIAMS'S UNEMPLOYMENT,
OR TO HIS EFFORTS TO MITIGATE HIS LOST WAGES

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) hereby moves for an order in limine excluding all testimony, other evidence, remarks and/or questions in the presence of the jury concerning: (a) the EEOC's claim for backpay; and (b) Jamal William's unemployment status and efforts to find new employment from the period September 2008 to the present. These matters are not relevant to any question that will be put to the jury and would present risks of unfair prejudice and confusion of the issues properly before the jury. Under the ADA, backpay is determined by the Court, not the jury.

**Background**

Jamal Williams reported for work at Bank of America's Proof Department in Chicago, on the evening of Monday, September 8, 2008. Salvador Miramontes, a manager at the bank, observed Jamal Williams with his face close to his computer monitor, and Williams was terminated shortly thereafter, the same evening. The EEOC will prove at trial that once Bank of

1

America realized that Williams was visually impaired, it decided to terminate his employment because of that disability or because of the need to accommodate that disability.

After his discharge, Williams has sought other work, without success. The EEOC seeks a modest amount of lost wages (approximately $6,600). The EEOC also seeks compensatory damages (e.g., for emotional distress), punitive damages, and equitable relief.

### Discussion

At the upcoming trial, the questions that are to be decided by a jury are narrow and largely concern Bank of America's actions on September 8, 2008. The jury will principally be asked to decide whether the Bank discharged Williams on that date because of his disability or because of the need to accommodate his disability. In addition to denying this, Bank of America further defends on the ground that Williams was not the bank's employee.

The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Discrimination under the ADA is defined as including denial of employment opportunities to a qualified individual with a disability either because of the employee's disability or because of the need to accommodate the individual's physical impairments. See 42 U.S.C. §§ 12112(b)(1), 12112(b)(5)(B). To prove a claim of discrimination against an employee under these provisions, a plaintiff must demonstrate that: 1) the employee is disabled; 2) he or she is qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) the employer took an adverse employment action against the employee because of his or her disability or because of the need to accommodate that disability. See Stevens v. Illinois Department of Transportation, 210 F.3d 732, 736 (7th Cir. 2000); 42 U.S.C. § 12112(b)(5)(B).

Evidence is therefore only relevant to this action if it is probative of a "fact that is of consequence" to one or more of the elements of the EEOC's claims or Bank of America's defenses. See F.R.E. 401. Even evidence that is relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

**A.      The EEOC's Claim for Backpay Is Not a Matter for the Jury**

Under the ADA, questions concerning backpay are decided by the Court, not the jury. See Pals v. Schepel Buick, 220 F.3d 495, 500-01 (7th Cir. 2000) ("Back pay and front pay are equitable remedies under § 706(g)(1) [of Title VII, 42 U.S.C. § 2000e-5(g)(1)] and therefore matters for the judge.... When assessing back pay, ... the judge must respect the findings implied by the jury's verdict.... But whatever discretion the facts allow with respect to back pay and front pay belongs to the judge rather than the jury."); see also 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5 into the ADA).

Accordingly, no legitimate purpose would be served by informing the jury about the pendency of the EEOC's claim for backpay. In the event that Bank of America is found to have discharged Williams because of his disability, it is for the Court to determine what lost wages resulted from this violation of the ADA. Testimonial evidence on lost wages is likely to be quite brief and should be heard by the Court either outside the presence of the jury (for example, at the end of an afternoon after the jury has been excused for the day) or else at a short backpay hearing some time after the jury's verdict is rendered.[1]

---

[1] The EEOC recommends a subsequent backpay hearing, in part because it is likely more efficient: Following a verdict in the EEOC's favor the parties may be able to compromise and stipulate to the amount of backpay — especially given the modest amount at stake — thereby

### B.   Williams's Unemployment Status and Efforts to Mitgate His Lost Wages Are Not Relevant To Any Jury Question and Would Be Unfairly Prejudicial

That Williams has been unsuccessful in finding work after his discharge from Bank of America is not probative of any of the elements of the pending claim or defenses that are to be decided by the jury.  For example, whether Williams was disabled within the meaning of the ADA in September 2008 involves factual determinations about whether he was substantially limited in the major life activity of seeing.  His long-term unemployment plainly sheds no light on that.  Nor does it help the jury determine what motivated Bank of America's decision to terminate Williams on September 8, 2008, what emotional distress Williams experienced as a result of being fired, or whether Bank of America acted with reckless disregard that is required for punitive damages.

The duration of Williams's unemployment and his efforts to mitigate his lost wages are relevant only to the issue of backpay.   As discussed above, backpay is a question for the Court, and not for the jury.

Even if the fact that Williams has been unemployed or the extent of his job search efforts did have some marginal probative value to a matter properly before the jury, it would be clearly outweighed by the risks of unfair prejudice and confusion of the issues.  Jurors presented with the fact that Williams has been unemployed for a long period of time and evidence or arguments about whether Williams has been trying hard enough to find new work may view Williams in a less favorable light.  Moreover, the risk of confusion of issues would be substantial, since jurors presented with such evidence are likely to assume that it has some relevance to the questions before them — which it does not.

---

eliminating the need for backpay evidence altogether.  Moreover, in the event of a defense verdict, of course, the presentation of such evidence would not be necessary at all.

**Conclusion**

The questions to be determined by the jury pertain solely to Bank of America's liability for its conduct in September 2008, as well as compensatory and punitive damages. The pendency of the EEOC's claim for backpay, Williams's unemployment after September 2008, and his efforts to mitigate his lost wages are not probative of any matter to be determined by the jury. These matters would present a significant danger of confusing the jury about what facts they are to decide or of unfairly biasing the jury's determination of the issues that are legitimately before them.

Wherefore, the EEOC respectfully requests that questions, remarks, testimony, and other evidence of such matters be excluded in the jury's presence.

May 9, 2014                                  Respectfully submitted,

                                               /s/ Justin Mulaire
U.S. Equal Employment Opportunity Commission
500 W. Madison St., Ste. 2000
Chicago, IL 60661
312-869-8045