IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.<br><br>  Defendant. | Case No. 11-cv-06378<br><br>Judge Shadur |

EEOC'S MOTION IN LIMINE #2

MOTION TO EXCLUDE ANY REFERENCE IN THE JURY'S PRESENCE
TO OTHER LAWSUITS OR CHARGES OF DISCRIMINATION
TO WHICH WILLIAMS HAS BEEN A PARTY

  Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) hereby moves for an order in limine excluding all testimony, other evidence, remarks and/or questions in the presence of the jury concerning any other lawsuits or charges of discrimination to which Williams has been a party. Such other proceedings are not relevant to any question that will be put to the jury at the upcoming trial. Even if they did have some probative value, it would be outweighed by the danger of jury bias against repeat litigants.

  In this suit, the EEOC alleges that Bank of America discharged Jamal Williams in violation of the ADA because of his visual impairment or because of the need to provide a reasonable accommodation to that disability. In an unrelated lawsuit, Williams brought a disability discrimination claim against the Chicago Lighthouse for People Who Are Blind Or Visually Impaired, alleging that the defendant in that suit discriminated against him on the basis of a different disability that involves seizures. That case, Civil Action No. 11-cv-8993, was filed

1

in this court, and summary judgment was granted to the defendant. The case involved a different employer — and indeed, a different disability — and the existence and outcome of that lawsuit has no bearing on any fact that is to be decided by the jury in this case. As set forth more fully in the EEOC's first motion in limine, the jury in this case will largely decide issues of fact concerning Bank of America's conduct in September 2008.

Defendant may also seek to introduce evidence of this other lawsuit and any underlying administrative charges to create the impression that Williams is litigious. Under F.R.E. 404(b), evidence of Williams's other charges of discrimination are not admissible to show a propensity to file discrimination complaints. Any possible probative value that evidence of unrelated charges or lawsuits could have would be plainly outweighed by the prejudicial effect on the jury. As the Seventh Circuit has explained: "A plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001) (quoting Outley v. City of New York, 837 F.2d 587, 592 (2d Cir. 1988)). In Mathis, the Seventh Circuit affirmed the district court's exclusion of evidence regarding the plaintiff's similar lawsuits against other car dealerships on F.R.E. 404 grounds. As such, Defendant should not be permitted to portray the current lawsuit — which was filed by the EEOC following its own investigation of this matter — as an act in conformity with a litigious character.

Additionally, discussion of Williams's other lawsuit may confuse the jury as to what the issues in this trial are. Indeed, courts have excluded evidence of other charges against the *same* employer from a trial when they are not probative or when they present significant risk of confusing the issues to be decided by the jury. See e.g., Churney v. Village of Downers Grove,

122 F.Supp.2d 921, 922 (N.D. Ill. 2000) (plaintiff's sex discrimination charge against the same defendant was not admissible in a subsequent and related retaliation action).

Finally, if this court were to allow the jury to learn of the allegations included in unrelated charges and lawsuits, it would require the parties to spend time arguing to the jury about the significance, relevance, and merit of these unrelated allegations.

Wherefore, the EEOC respectfully requests that questions, remarks, testimony, and other evidence of any other lawsuits and charges to which Williams is a party be excluded in the jury's presence.

May 9, 2014                             Respectfully submitted,

                                         s/ Justin Mulaire
                                        U.S. Equal Employment Opportunity Commission
                                        500 W. Madison St., Ste. 2000
                                        Chicago, IL  60661
                                        312-869-8045