IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BANK OF AMERICA, N.A.<br><br>　　　　　Defendant. | Case No. 11-cv-06378<br><br>Judge Shadur |

**DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE IN THE JURY'S PRESENCE TO THE EEOC'S CLAIM FOR BACK PAY, TO WILLIAM'S UNEMPLOYMENT, OR TO HIS EFFORTS TO MITIGATE HIS LOST WAGES (MOTION IN LIMINE #1)**

Defendant Bank of America, N.A. opposes Plaintiff's Motion in Limine to exclude evidence relevant to the EEOC's claim for back pay, Jamal William's unemployment, and his efforts to mitigate lost wages. Plaintiff has put all of this information at issue by way of the Complaint (Doc. 1) filed in this case, and Plaintiff's attempt to now exclude this information directly contradicts the statements and requests made in the Complaint. Plaintiff's arguments for exclusion of this evidence fail for multiple reasons. As a preliminary matter, when the EEOC filed this case, it made a specific request for "a jury trial on all questions of fact raised by its Complaint." *See Complaint* at page 4, "Jury Trial Demand." As such, the EEOC has already consented, and in fact requested, that the jury be the fact finder as to back pay, and cannot change its position at the last hour.[1] Second, the issue of back pay and the evidence related thereto is not easily separable from the other issues in this case, therefore the interests of judicial

---

[1] The EEOC recognizes "the modest amount" of back pay ($6,600 or less) at stake in this case. EEOC's Motion in Limine #1, pg. 2 (Doc. 49).

1

economy demand that the evidence be presented during the trial rather than in an unnecessary separate proceeding. Accordingly, such evidence is relevant and should be admitted.

## ARGUMENT

**1) The jury should be allowed to hear evidence of the EEOC's claim for back pay, as it is integral to other aspects of the trial, and the EEOC itself has requested that back pay be deemed a jury issue.**

Plaintiff's Motion in Limine requests that the issue of back pay be excluded from the purview of the jury, and that instead, it be addressed, if necessary, in a separate proceeding to be held by the Court after trial. Plaintiff's request is a non-starter for several reasons. First, it directly contradicts Plaintiff's specific request for a trial by jury "on all questions of fact raised by its complaint." *See Complaint*, page 4. Plaintiff cannot request a jury trial on all fact issues, and then attempt to change that request over three years later and on the eve of trial just because some of the evidence to be presented at trial is unfavorable to its position. Furthermore, the *Schepel* case that Plaintiff cites in attempted support of the proposition that back pay should always be a judge-tried issue actually *contradicts* that position. In *Pals v. Schepel*, 220 F.3d 495 (7th Cir. 2000), the court affirmed a jury verdict that included an award of back pay. The *Schepel* court notes that while back pay is an equitable remedy and therefore *can* be determined by a judge, it is also an issue that can be presented to the jury. *Id.* at 500-501. The court further notes that "[j]uries routinely determine lost wages and discount future income loss to present value," and that "[i]f hundreds of juries render verdicts on these subjects every day across the country, they can't be beyond the scope of consent under Rule 39(c). *Id.* at 501.

Here, Plaintiff has made a specific request for a jury trial on all issues, and Bank of America has relied on that request for over three years. Plaintiff should not be allowed to change

its mind at the last hour, and the law does not require the Court to hear evidence as to back pay in a separate proceeding. Furthermore, evidence related to back pay is concentric with and overlaps with evidence regarding other aspects of this case, such as: (1) the temporary and short-term nature of Williams' temporary assignment; (2) Williams' rate of pay, which was established by his employer, and not the Bank; and (3) the fact that Williams was not a Bank employee. To potentially hold a separate proceeding at another date creates unnecessary repetition of evidence and efforts, ignores the interests of judicial economy, and creates undue risk for the potential of inconsistent rulings on evidentiary matters. For all of these reasons, evidence of back pay should be presented to the jury, as the EEOC itself initially requested.[2]

## CONCLUSION

The issues of back pay and Williams' mitigation of damages are central to Plaintiff's claims, and should be presented to the jury. Plaintiff's Motion in Limine is essentially an attempt to cherry-pick the evidence at the last hour, and it directly contradicts Plaintiff's own demand for a jury trial on all fact issues. The interests of justice and judicial economy demand that evidence on these issues be presented to the jury, so that the jury has the opportunity to base its decision on all of the relevant evidence in this case, not just that evidence that is favorable to Plaintiff's position. For these reasons, Bank of America respectfully requests that Plaintiff's motion in limine be denied in its entirety.

WHEREFORE, for the foregoing reasons, Bank of America respectfully requests that the Court enter an Order denying the EEOC's Motion in Limine #1, and for such other and further relief as the Court deems necessary and proper in the premises.

---

[2] As to evidence of Williams' unemployment and efforts to mitigate damages, the evidence on these issues is related to to Williams' claim for back pay, and thus admissible for the reasons set forth above.

3

Date: June 6, 2014                                            Respectfully submitted,

 

By:   */s/ Angela M. Tsevis*
        One of the attorneys for Defendant
           Bank of America, N.A.

Bryan Clark
bclark@lathropgage.com
Lathrop & Gage LLP
100 N. Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Telephone: (312) 920-3300
Telecopier: (312) 920-3301

Jack D. Rowe
jrowe@lathropgage.com
Angela M. Tsevis
atsevis@lathropgage.com
Lathrop & Gage LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

21814472v1

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 6, 2014, the foregoing was served by electronic mail on the following counsel of record:

Justin Mulaire
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
justin.mulaire@eeoc.gov

                                                 */s/ Angela M. Tsevis*
                                                 An Attorney for Defendant

21814472v1