IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A. <br><br> Defendant. | Case No. 11-cv-06378 <br><br> Judge Shadur |

**DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE IN THE JURY'S PRESENCE TO OTHER LAWSUITS OR CHARGES OF DISCRIMINATION TO WHICH WILLIAMS HAS BEEN A PARTY (MOTION IN LIMINE #2)**

Defendant Bank of America, N.A. opposes Plaintiff's Motion in Limine to exclude references to prior lawsuits or charges filed by Williams, because Plaintiff has put this information at issue by way of the emotional distress claim. In its Complaint (Doc. 1), Plaintiff requests that Williams be provided compensation "for past and future nonpecuniary losses… including emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial." (Doc. 1, p.4, paragraph E). It is clear from Plaintiff's Complaint that it plans to present evidence of emotional distress allegedly suffered by Williams. Plaintiff now seeks to exclude all evidence of any other lawsuits or charges filed or asserted by Williams. However, Plaintiff's arguments for exclusion fail for multiple reasons.

As a preliminary matter, Bank of America submits that it does not plan to introduce any prior lawsuits or charges into evidence for the purpose of proving the truth of the matters stated therein or the correctness of the decisions and judicial findings rendered thereon. Bank of

1

America does however plan to reference lawsuits and charges filed or asserted by Williams in refuting the allegation that he has suffered emotional distress because of Bank of America's alleged actions. The Complaint squarely places Williams mental health at issue in this case, and therefore the sources of any potential alleged emotional distress he suffers are wholly relevant and within the scope of admissible evidence. Furthermore, to the extent Plaintiff argues this evidence will create juror confusion, that argument is unfounded. If the Court finds it necessary to advise the jury as to how they are to consider the evidence in this case, that could be achieved by jury instruction.

## ARGUMENT

**1) Plaintiff's emotional distress claim puts Williams' mental health at issue in this case, and thus makes evidence of other potential sources of emotional distress relevant at trial.**

Plaintiff asserts that Williams allegedly suffered emotional distress because Bank of America discrimination against him based on his alleged disability. To the extent Williams may have suffered any emotional distress, he cannot demonstrate that the distress is a result of Bank of America's actions. Evidence of the other employment discrimination charges and lawsuits he has filed, including those in which decisions unfavorable to Williams were rendered, are relevant and trustworthy as evidence of potential sources of emotional distress. Bank of America disputes the allegations of emotional distress and deserves the opportunity to explain fully and document the other potential causes of distress that Williams has put at issue in this case.

**2) Any concerns about how the jury interprets evidence of prior charges or lawsuits is best addressed through proper jury instruction, not through exclusion of evidence.**

Plaintiff argues that evidence of prior lawsuits and charges may confuse the jury. This argument is wholly unfounded. Plaintiff provides no basis for asserting that jury confusion is probable, and there is no logical reason to assume that members of the jury will be unable to

2

distinguish between the current case and any prior lawsuit or charge brought forth by Williams. To the extent the Court has a concern that the jury is unsure as to the purpose of the evidence, the Court can instruct the jury as to how they should go about evaluating the evidence, and may include any proper limiting instructions. Admission of the evidence, with perhaps a limiting jury instruction, is the proper avenue for dealing with this evidence. To exclude any such evidence would unfairly prejudices Bank of America.

## **CONCLUSION**

Plaintiff put Williams' past charges and lawsuits at issue when it made the decision to seek emotional distress damages against the Bank. As such, evidence of those past charges and lawsuits is relevant and admissible. This evidence falls squarely within the mainstream of what should be deemed admissible in a jury trial. To the extent Plaintiff has concern about how the jury is to evaluate this evidence, such is easily addressed through jury instruction, not wholesale exclusion of evidence. For these reasons, Bank of America respectfully requests that Plaintiff's motion in limine be denied in its entirety.

WHEREFORE, for the foregoing reasons, Bank of America respectfully requests that the Court enter an Order denying the EEOC's Motion in Limine #2, and for such other and further relief as the Court deems necessary and proper in the premises.

Date: June 6, 2014   Respectfully submitted,


By:  */s/ Angela M. Tsevis*
    One of the attorneys for Defendant
    Bank of America, N.A.


Bryan Clark
bclark@lathropgage.com
Lathrop & Gage LLP
100 N. Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Telephone: (312) 920-3300
Telecopier: (312) 920-3301


Jack D. Rowe
jrowe@lathropgage.com
Angela M. Tsevis
atsevis@lathropgage.com
Lathrop & Gage LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorneys for Defendant

21812738v1

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 6, 2014, the foregoing was served by electronic mail on the following counsel of record:

Justin Mulaire
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
justin.mulaire@eeoc.gov

                                                                    */s/ Angela M. Tsevis*
                                                                   An Attorney for Defendant

21812738v1