**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11 C 6378 |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

After this Court's April 11, 2014 approval of the parties' jointly submitted Final Pretrial Order ("FPTO") in this employment discrimination action, each side tendered its proposed motions in limine that called for resolution before trial:

1. EEOC's Motion No. 1 (Dkt. 49) seeks to exclude any jury-trial reference (a) to its back pay claim on behalf of Jamal Williams ("Williams"), (b) to Williams' unemployment or (c) to his efforts to mitigate his lost wages, while EEOC's Motion No. 2 (Dkt. 50) seeks to exclude any reference in the jury's presence to other lawsuits or other charges of discrimination to which Williams has been a party.

2. Defendant Bank of America's single motion in limine seeks to preclude witness Laura Plummer ("Plummer") "for making any assertions or expressing any opinions during trial as to the ultimate issue of whether Bank of America should have, could have, or failed to offer Jamal Williams a reasonable accommodation pursuant to the Americans with

>     Disabilities Act ('ADA')."

All those motions have elicited written responses and are ripe for consideration.

As for EEOC's Motion No. 1, it states correctly that both under the caselaw (see, e.g., <u>Pals v. Schepel Buick & GMC Truck, Inc.</u>, 220 F.3d 495, 500-01 (7th Cir. 2000)) and by statute (see 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5 into the ADA) issues of back pay under the ADA are committed to the court, and not to the jury, for determination. That being so, it urges that needless confusion and the potential for unfair prejudice would be created by allowing that legally extraneous evidence to be put before the jurors.

For its part, Bank of America's principal response is both simplistic and unpersuasive -- it points to the Complaint's "Jury Trial Demand" as requesting "a jury trial on all questions of fact raised by its Complaint." That can scarcely qualify as a waiver (or forfeiture) of the well-established principle of court determination of the back pay issue (unless both sides agree otherwise, as is not the case here). This Court has never followed the practice employed by some judges of having the jury provide an advisory opinion on the subject, and it will not do so in this case. In short, EEOC's Motion No. 1 is granted.

As for EEOC's Motion No. 2, it proposes to keep out of this litigation any reference to another (and unrelated) disability discrimination claim that Williams had brought -- and lost -- against the Chicago Lighthouse for People Who Are Blind or Visually Impaired. That action involved both a different employer and a different disability (one that involved seizures).

Bank of America attempts to counter that by pointing to EEOC's contention that Williams

suffered from emotional distress.[1] That contention has some force, but it fails to take into account all of the factors relevant to the matter at issue here.

Every human being is constantly exposed to matters that impact on his or her emotional well being. That does not justify rummaging through every aspect of a plaintiff's life (for example, any domestic difficulties that he or she may be experiencing) to argue against intangible harms being the product of a defendant's wrongful conduct. From a legal point of view, the well-known "eggshell skull" concept in tort cases can readily translate into a corresponding doctrine as to emotional distress, under which the asserted wrongdoer (here Bank of America) takes the asserted victim of that wrongdoing (here Williams) as it finds him. And that aside, despite Bank of America's protestations as to its motives (which this Court will credit for current purposes), there is too much potential for unfair prejudice that could well flow from a jury's perception that Williams is a persistent complainer who sees disability discrimination in every adverse action by an employer,[2] so that the jury could render a verdict influenced by that perception.[3]

---

[1] Paragraph E of the Prayer for Relief in the Amended Complaint in this action sets out a make-whole claim that would require Bank of America to "provid[e] compensation for past and future nonpecuniary losses . . ., including emotional pain, suffering, inconvenience," and Bank of America contends that an evidentiary reference to Williams' other lawsuit is appropriate to negate a causal nexus between Bank of America's alleged discriminatory conduct and Williams' psyche.

[2] Where such a pattern presents itself in cases before this Court, it has often had occasion to quote Alexander Pope's familiar aphorism in his Essay on Criticism pt. II, line 358:

All looks yellow to the jaundic'd eye.

[3] Although we judges regularly give juries cautionary instructions in that respect, all of us know that primarily serves the purpose of protecting against error and that a jury's presumed compliance with such instructions may be a necessary fiction.

Those considerations make the subject an appropriate candidate for Fed. R. Evid. 403 balancing. And what that amounts to is that the issue can best be decided in the environment of the trial itself, rather than in limine. So the determination of EEOC's Motion No. 2 is deferred.

Lastly, Bank of America's motion in limine challenging EEOC's witness Laura Plummer asks "that this Court limit Ms. Plummer's testimony to that of the specific facts that she details in her Assessment, and preclude her from offering any opinions not specifically stated in the Assessment." EEOC responds that Plummer was disclosed as an opinion witness pursuant to Fed. R. Civ. P. ("Rule") 26(a)(2) just over a year and a half ago -- a disclosure that was accompanied by a copy of Plummer's "Assistive Technology Assessment" ("Assessment") -- and that Bank of America's "objections to that report appear to be a matter of semantics."

EEOC's responsive memorandum has attached a copy of Plummer's Assessment, and this Court has reviewed it. Although Bank of America's counsel might have preferred a different format, it cannot be gainsaid that Plummer's presentation has conformed to the requirements of Rule 26(a)(2)(B) and that the objections voiced by Bank of America's counsel are really an unjustified quibble. At trial Plummer will be expected to adhere to the content of her report and its recommendations, and the notion that those recommendations somehow fail to meet the task of presenting a proposed "reasonable accommodation" for consideration by the jury just makes no sense at all.[4] Bank of America's motion in limine is denied.

---

[4] This Court does not of course seek to invade the province of the jury by its rulings here. All the same, it is worth noting on the "reasonable accommodations" front that Plummer's reported aggregate costs of what she opines to be "Assisted Technology Solutions [that] would have provided Mr. Williams with the access necessary to perform the Amount Keying job duties" was just a bit over a $1,000.

**Conclusion**

EEOC's Motion No. 1 (Dkt. 49) is granted, while Bank of America's sole motion in limine (Dkt. 48) is denied. As for EEOC's Motion No. 2 (Dkt. 50), final decision is deferred until the issues posed by that motion can be considered in the actual environment of trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 17, 2014